[Crim. No. 4464. Second Dist., Div. Three. Aug. 22, 1950.]

THE PEOPLE, Respondent, v. JOE L. PASCALE, Appellant.

Everett W. Leighton for Appellant.

Fred N. Howser, Attorney General, and Gilbert Harelson, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was charged with violation of section 11500 of the Health and Safety Code in that on September 11, 1949, he unlawfully had in his possession a preparation of heroin. Trial by jury was waived. Defendant was convicted, and he appeals from the judgment and the order denying his motion for a new trial.

Appellant asserts that the evidence was insufficient to support the judgment. On September 11, 1949, appellant was a tenant of room 111 of a hotel in Los Angeles and he had occupied that room since July 7, 1949. The manager of the hotel went to that room on September 11th to make an investigation regarding a complaint that there was a disturbance in the room the night before. A girl by the name of Lupe, who said she knew the appellant, was with the manager when he went into the room. The room, in which there was some of appellant's clothing, was in an upset condition. While the manager was making a search therein he noticed a slit in the end of the mattress and he found therein a finger stall containing 18 grams of heroin. The finger stall and contents will be referred to as exhibit A. Lupe asked the manager if she could have exhibit A. He handed it to her and then, without having left her presence, he took it from her and went downstairs to the hotel desk and called the police. On September 11, 1949, at the time the heroin was found, and also on September 10th, appellant was in jail at a police station "on suspicion of robbery."

Police Officer Hansford testified as follows: On September 11th he took appellant from the jail to said hotel room. The hotel manager gave exhibit A to the officer. While the exhibit was in front of the officer he said to appellant, "What about this stuff, Joe?" Appellant shrugged his shoulders and did not say anything. The officer said, "Well, come on, what is

the deal, is this yours or isn't it? It was found here in your room." Appellant said, "Yes, it is mine, I put it there. I bought it two days ago. I hid it there and I was picked up for robbery last night, and when I was going to get out of the robbery beef, I was going to cap it up and peddle it." The officer asked him if he was still going with Lupe. Appellant replied, "Yes."

Appellant testified as follows: When he was arrested on suspicion of robbery on September 10th he was in said hotel room and at that time the officers searched the room thoroughly and looked at everything. He did not put exhibit A in the bed. He told Officer Hansford that the exhibit was not his (appellant's). When the officer said he had Lupe in jail and was going to book her too (on the heroin charge), then he (appellant) said exhibit A was his so that she would not get in trouble.

Appellant argues that his explanation of the events, and certain contradictions in the testimony of Officer Hansford as to whether the appellant had asked the officer if a girl had been arrested, raise grave doubts as to appellant's guilt. He also argues that since, according to his testimony, the officers searched everything in his room on September 10th and did not find the heroin, it is a fair inference from the evidence that it was planted in his room while he was in jail. He argues further that it is a fair inference that he was entrapped into an admission that the heroin was his. The matters involved in these arguments were questions of fact for the determination of the trial court. The judgment is supported by ample evidence.

The judgment and the order denying the motion for a new trial are affirmed.

Shinn, P. J., and Vallée, J., concurred.